IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LONE STAR BANK OF WEST TEXAS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:19-CV-098-Z<br>(Adversary No. 18-2007-RLJ) |
| RABO AGSERVICES, INC., | § § § | |
| Defendant. | § | |

## ORDER

Before the Court is the Report and Recommendation of Bankruptcy Judge Robert Jones (ECF No. 3). On May 5, 2019, Senior Judge Sidney Fitzwater ordered the bankruptcy court to prepare a report in response to Defendant Rabo's Motion for Withdrawal of Reference (ECF No. 1). The bankruptcy court entered its report on June 26, 2019. No objections were filed by either party. On August 1, 2019, all cases in the Amarillo Division were reassigned to the undersigned. After reviewing the report, the Court agrees its findings are correct and therefore ADOPTS the report and recommendation and withdraws the reference effective upon the bankruptcy judge's certification that this case is ready for trial. Furthermore, the bankruptcy court shall hear all pretrial matters and submit dispositive motions to this Court with a report and recommendation.[1]

The standard for when a district court may withdraw the reference to a bankruptcy court is governed by 28 U.S.C. § 157. This Court may withdraw a referred proceeding "for cause shown." *Id.* § 157(d). The timely demand for a jury trial constitutes good cause. *In re Clay*, 35 F.3d 190,

---

[1] The Court is aware two such reports and recommendations are currently pending. The Court will rule on those reports shortly. The Court commends the bankruptcy judge for managing this case during the pretrial phase and for presiding over extensive discovery between the parties while patiently awaiting this Court's decision.

196 (5th Cir. 1994). Only if all parties consent may a bankruptcy judge conduct a jury trial regarding non-core proceedings. *Id.* § 157(c)(2). In its report, the bankruptcy court carefully analyzed the claims asserted by Plaintiff Lone Star and concluded they were non-core claims. Additionally, the bankruptcy court found Defendant Rabo (1) was entitled to a jury trial, (2) had demanded a jury trial, (3) had not waived its right to a jury trial, and (4) had not consented to a jury trial held in the bankruptcy court. Accordingly, withdrawal of the reference is appropriate.

The bankruptcy court also recommended the withdrawal should be deferred until it had certified the case was ready for trial. *See* N.D. Tex. L.B.R. 5011-1(a)(8)(C). The Court agrees because the bankruptcy court has extensive familiarity and knowledge with this case.

Accordingly, the Court ADOPTS the Report and Recommendation (ECF No. 3) in its entirety. It is hereby ORDERED that the reference be withdrawn upon the bankruptcy court's certification that this case is ready for trial. The bankruptcy court shall continue to hear all pretrial matters and submit dispositive motions to this Court with a recommended disposition.

**SO ORDERED**.

October 23, 2020.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE